BOUDIN, Circuit Judge,
concurring.
We can assume that under Staples v. United States, 511 U.S. 600, 619, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), Shaw had to know that his shotgun’s barrel was less than 18 inches long, although not that it was unlawful to possess an unregistered weapon of that length.[3] This juxtaposition may seem perverse; but a defendant’s ignorance of facts may often defeat a criminal charge while ignorance of the law does so only rarely. Courts sometimes say that knowledge of the law is imputed to a defendant, yet this is not a factual proposition but legal shorthand for saying that ignorance of the law does not usually excuse a violation.
Nevertheless, relevant to what Shaw knew about the length of his shotgun is the likelihood that Shaw gave any attention to the length of the weapon. One might be handed a fork and use it to eat pie without being aware whether the fork had three tines or four. By contrast, Shaw had to know that he possessed a short-barreled sawed-off shotgun that was significantly shorter than an ordinary shotgun used for hunting. See Laycock, The Shotgunnner’s Bible 48 (rev. ed. 1987) (“The modern shotgun barrels offered across the counters commonly come in three sizes — twenty-six, twenty-eight, or thirty inches.”).
The jurors were from Maine, a largely rural state with many forests and fields, where hunting is a common pastime. Whatever the average Boston resident may know about hunting, Maine hunters— or at least those who use shotguns — are quite likely to know that shotguns used in hunting are long-barreled weapons.[4] And the jury knew that Shaw was no stranger to shotguns; he was found in possession of two — for which he had three different kinds of ammunition — and was observed by law enforcement manipulating and unloading one of the weapons in a manner suggesting familiarity with its operation.
Sawed-off shotguns are notoriously asso *369 dated not with hunting but with crime.[5] Even a city dweller who watches television or reads newspapers would know the reputation of the weapon. The shotgun in this case was not only short but visibly shortened in both its stock and its barrel, both of which had been cut down. A hunter like Shaw almost certainly had to know that his weapon was not a typical shotgun used in ordinary hunting but a visibly and substantially shortened weapon.
Thus, Shaw almost certainly knew that the barrel was considerably less than its ordinary length — here, the original barrel length was marked as 28 inches — and that it was not an ordinary hunting weapon. In fact, the visible length was only 15.5 inches. And once his awareness of its peculiar shortness is posited, the remaining inference as to what he knew about its length involves a far shorter jump. All the jury needed to conclude was that Shaw, conscious of its shortened length, would realize that the barrel was less than a foot and a half long.
An ordinary 12-inch ruler is a familiar item at school and at home. Shaw’s shotgun had a visible barrel length only 3.5 inches more than a ruler. A jury, looking at the shotgun and reasonably believing that Shaw would himself appreciate its aberrant shortness, could conclude that the barrel looked somewhat longer than a ruler but not as long as a foot and a half, and that Shaw therefore knew that it was less than 18 inches. Shaw did not have to know that its precise visible length was 15.5 inches.
We cannot be certain how much jurors who sat on this jury knew about hunting and typical shotgun lengths, for the background facts that juries use in drawing inferences are not commonly “proved” but assumed to be within their ken. United States v. Amado-Núñez, 357 F.3d 119, 121-22 (1st Cir.), cert. denied, 542 U.S. 914, 124 S.Ct. 2864, 159 L.Ed.2d 284 (2004). But Maine jurors, exercising common sense, could gauge that a hunter would know his weapons as well as a carpenter knows his tools-unless circumstances (e.g., a novice hunter) suggested otherwise.
The question on appeal is not whether the particular appeals court panel would vote to convict on this evidence; it is whether a reasonable jury, entitled to considerable deference in weighing this evidence, could find that Shaw was aware that his shotgun barrel was less than a foot and a half long. As in most cases of inference, the issue turns on real-world probabilities and the jury’s estimation of them in light of general knowledge and experience. In this, as with credibility determinations, the jury enjoys considerable latitude.
A great judge warned about the danger of “appellate judges ... whetting their appetite for dealing with facts” rather than leaving them to the jury or judge who saw the witnesses and heard the evidence. Chem. Transporter Inc. v. Reading Co., 426 F.2d 436, 439 (2d Cir.1970) (Friendly, J., dissenting). A jury verdict starts with a very strong presumption in its favor, and that presumption is not overcome where, as here, one can imagine how a reasoning jury might have arrived at the conclusion that this one did.

. There is now a circuit split as to whether under Staples the knowledge of length requirement applies to short-barreled shotguns, compare, e.g., United States v. Erhart, 415 F.3d 965, 969 & n. 4 (8th Cir.2005), cert. denied, 546 U.S. 1156, 126 S.Ct. 1181, 163 L.Ed.2d 1138 (2006), with United States v. Reyna, 130 F.3d 104, 107-09 (5th Cir.1997), cert. denied, 523 U.S. 1033, 118 S.Ct. 1328, 140 L.Ed.2d 489 (1998); but the government does not argue that Staples intended an exception for shotguns.

. District of Columbia v. Heller, 554 U.S. 570, 625, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) ("[T]he Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns.”); Demko v. United States, 216 F.3d 1049, 1051 (Fed.Cir.2000) (noting that the ATF has designated short-barreled shotguns as "destructive devices”).

. E.g., 10 The New Encyclopaedia Britannica 765 (15th ed. 1994) (“The sawed-off shotgun, with truncated barrels, is easily concealed and is notorious as a criminal weapon.''); Conf. Rep. No. 90-1956 (1968), reprinted in 1968 U.S.C.C.A.N. 4426, 4434 (“The present National Firearms Act covers gangster-type weapons such as ... sawed-off shotguns....”).